IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAGE PRODUCTS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 12 cv 3620 |
| PRIMO, INC., | ) Judge Sharon Johnson Coleman |
| Defendant. | ) |

## Memorandum Opinion and Order

Plaintiff, Sage Products, Inc. ("Sage"), filed a complaint against defendant, Primo, Inc. ("Primo"), for trade dress infringement under 15 U.S.C. § 1125(a) (§ 43(a) of the Lanham Act) for the manufacture, sale, and distribution of Primo's Build-A-Boot ("the Accused Product"). Primo moves to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. For the reasons stated below, the motion [13] is granted.

**Background**

Both Sage and Primo manufacture, distribute, and sell at least one version of a medical boot designed to cushion and prevent heel ulcers. Sage alleges that Primo infringes its trade dress through the manufacture, sale, and distribution of Primo's Build-A-Boot. Sage describes its protective boot trade dress as follows: [it] "includes unique, arbitrary, and non-functional characteristics, such as the use of a royal blue color, the black and white securing panels, black panel on the foot engaging portion that receives a white securing panel." (Dkt. No. 1, Compl. at ¶15). Sage asserts that Primo's "Build-A-Boot" infringes on the trade dress of Sage's protective boot because Primo's boot is "confusingly similar in design, configuration, and appearance" to Sage's boot.

Sage alleges that this Court has personal jurisdiction over Primo because "Defendant resides in this district or sells and/or offers to sell the Accused Product in this District." (*Id*. at ¶ 10). Sage asserts that Primo's website is also a basis for personal jurisdiction over the company because it "provides an online form for the public to submit questions regarding its products and services, thereby injecting the Accused Product into the stream of commerce in this district." (*Id*. at ¶ 11). Sage alleges that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because "at least a substantial part of the events giving rise to Sage's claims occurred in this District and Defendant is subject to personal jurisdiction in this District." (*Id*. at ¶ 12). Primo asserts that it resides in Georgia and is not subject to personal jurisdiction in this District.

**Legal Standards**

Primo moves to dismiss the complaint pursuant to *Federal Rules of Civil Procedure* 12(b)(2), 12(b)(3), and 12(b)(6). A motion for dismissal under Rule 12(b)(2) asserts that the court may not exercise personal jurisdiction over the party. Fed. R. Civ. P. 12(b)(2). For motions to dismiss challenging jurisdiction and venue a court may consider additional material outside the pleadings, resolving conflicts in the supporting material in favor of the plaintiff. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003). The plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction.[1] See, e.g., Cent. States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co., 440 F.3d 870, 875 (7th Cir. 2006). When determining whether the plaintiff has met the burden of establishing jurisdiction, allegations in the complaint are taken as true unless controverted by the defendant=s affidavits or exhibits. Id.

Rule 12(b)(3) provides that a party may move to dismiss an action filed in an improper venue. Fed. R. Civ. P. 12(b)(3). Venue is proper in:

---
[1] This Court granted Sage's motion for leave to conduct discovery on jurisdiction and venue.

2

> "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. '1391.

In a patent or design case, civil proceedings may be instituted in the district in which the defendant or his agent resides or may be found or where the defendant has committed acts of infringement. 28 U.S.C. §1400.

Rule 12(b)(6) challenges the legal sufficiency of the complaint to state a claim rather than the merits of the claim. Fed. R. Civ. P. 12(b)(6). Rule 8 sets for the pleading requirement of a short and plain statement of the claim upon which relief can be granted. Fed. Civ. P. 8(a). In order to survive dismissal under Rule 12(b)(6), the complaint must allege sufficient factual content to raise the right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). When considering dismissal of a complaint, the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

Primo first moves to dismiss for lack of personal jurisdiction, arguing that it is not an Illinois resident and does not sell or offer to sell its "Build-A-Boot" product in the Northern District of Illinois. Primo further argues that its website is passive and does not target Illinois consumers, and thus cannot be the basis for personal jurisdiction over Primo. The website merely provides information about Primo's products and a form for the public to submit questions.

The Due Process Clause protects an individual's liberty by preventing the individual from being bound by judgments from a forum where he lacks meaningful contacts, ties, or relations. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945). In order to exercise personal jurisdiction over a defendant that court must have either general or specific jurisdiction. For general jurisdiction, the defendant must have "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific jurisdiction is limited to situations where the controversy arises out of or relates to the defendant's forum contacts. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). For this Court to maintain personal jurisdiction, Primo must have sufficient minimum contacts with Illinois such "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's conduct and connection with the forum state should indicate that he would reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

A defendant may avail itself of the forum such that personal jurisdiction is established by placing products into the stream of commerce. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 109, (1987). However, the "placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum." *Id.* at 112. A defendant will not be haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 475 (1985).

The defendant must engage in additional conduct to show the intent to serve the market of the forum state. *Asahi*, 480 U.S. at 112. This behavior includes designing the product for the

market in the forum state, advertising in the forum state, establishing channels for providing regular advice to customers in the forum state, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum state. *Id.* Furthermore, foreseeability alone is not a sufficient benchmark for personal jurisdiction under the Due Process Clause. *World-Wide Volkswagen Corp.*, 444 U.S. at 295. The foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state, but rather that the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there. *Id.*at 297.

In *Asahi*, personal jurisdiction was not exercised over an automobile wholesaler and retailer that did not carry on business activities and did not sell automobiles in the state of Oklahoma because there were insufficient minimum contacts for the Oklahoma courts to exercise personal jurisdiction over the corporation. *Asahi,* 480 U.S. at 112. The defendant corporation did not purposefully avail itself of the forum because it did not exercise any privileges or benefits of Oklahoma law, it did not solicit business in Oklahoma through salespersons or through advertising, and it did not regularly sell cars at wholesale or retail to Oklahoma customers. *Id.*

In *Nicastro*, personal jurisdiction was not exercised over a foreign manufacturer in New Jersey when a shear cutting machine sold in New Jersey severed a worker's hand. *J. McIntyre Mach., Ltd. v. Nicastro*, __ U.S.__, 131 S. Ct. 2780, 2790 (2011). The manufacturer had no office in New Jersey, did not pay taxes or own property in New Jersey, did not advertise in New Jersey, and did not send any employees to New Jersey. *Id.* Therefore, the manufacturer did not avail itself of the forum of New Jersey because the manufacturer did not have a single contact with New Jersey short of the machine in question ending up in the state. *Id.*

Similar to the company in *Asahi*, Primo did not purposefully avail itself of the forum of Illinois because it did not solicit sales in Illinois or regularly sell its products to Illinois customers. Sage alleges that Primo purposefully directed its sales efforts at Illinois by making calls to Illinois-based offices. However, Primo's consultant, Greg Mackintosh, did not solicit business in Illinois. (Dkt. No. 38-1, Def.'s Second Supp. Response to Pl.'s Interr. #2) Primo asserts that it occasionally contracts with Mackintosh, an independent sales consultant, for hospital education, marketing strategies, clinical posters, and attending conferences. He attended a national conference in Las Vegas where he met individuals from healthcare facilities in Illinois. Moreover, these conversations were stated to only be vague and did not get to the selling stage. The consultant left voicemails for the two individuals he met in Las Vegas, which were never returned. Just as the company in *Nicastro* did not have an office or send employees to the alleged forum state, Primo does not have an office in Illinois and, although he is an Illinois resident, Mackintosh never traveled to any location in Illinois on behalf of Primo. Therefore, the record reflects that Primo is a Georgia resident and Sage has failed to meet its burden to establish that Primo purposefully availed itself of the forum of Illinois through sales or solicitation of sales.

Primo's website also fails as a basis for establishing personal jurisdiction. Sage argues that Primo targets Illinois consumers by stating on its website that it "provides medical products and services to many major hospitals, nursing homes, and physicians' clinics throughout the United States." (Dkt. No. 38, at 6). Simply operating a website that is accessible from the forum state is insufficient; a defendant must in some way target the forum state's market. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). If the defendant merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state, then the

defendant may not be haled into court in that state without offending the Constitution. *Id.* at 559.

In *Illinois v. Hemi Group LLC,* the court exercised personal jurisdiction based on an interactive website through which customers could purchase cigarettes from a company online, calculate their shipping charges using their zip codes, and create accounts. *Illinois v. Hemi Group LLC*, 622 F.3d 754, 758 (7th Cir. 2010). The company also held itself out as open to do business with every state, including Illinois, except New York. *Id.* The fact that Hemi excluded New York residents from its customer pool showed both that the company knew that conducting business with residents of a particular state could subject it to jurisdiction there and also that it knew how to prevent subjecting itself to the jurisdiction of a particular state. *Id.* The court found that the company reached out to residents of Illinois, constituting sufficient minimum contacts with Illinois to justify exercising personal jurisdiction over the company. *Id.*

In contrast, courts generally cannot exercise personal jurisdiction over defendants who simply operate passive websites that merely provide information or advertisements without more. *Berthold Types Ltd. v. European Mikrograf Corp.*, 102 F. Supp. 2d 928, 933 (N.D. Ill. 2000). In *NeoMedia Technologies, Inc. v. AirClic, Inc.*, the defendant maintained a website to allow Illinois users to electronically submit contact information and later receive information about their products and services. 2004 WL 848181, *1 (N.D. Ill. Apr. 16, 2004). The court declined to exercise personal jurisdiction over AirClic, finding that its website was merely passive. *NeoMedia Technologies*, 2004 WL 848181 at *4. The court further noted that the fact that AirClic either employed or utilized the services of an Illinois resident, who happened to work from his home, was not by itself enough to establish personal jurisdiction over a non-resident employer. *Id.* at *4. Therefore, the court declined to exercise personal jurisdiction over AirClic.

Here, Sage alleges that Primo solicited Illinois residents through its website and that it employed an Illinois resident to maintain the website and solicit business at tradeshows and hospitals. However, Primo's website is passive like the website in *NeoMedia* as opposed to interactive like the website in *Hemi*. (Dkt. No. 13-2, Aff. Jeffrey Gainey). Primo's website does not contain order forms and does not allow a customer to purchase the protective boot online. Furthermore, like in *NeoMedia*, Primo's website only allows users to electronically submit contact information and later receive information about Primo's products. The materials in the record show that Primo has never sold any of its products in Illinois or shipped its products to Illinois. Therefore, Primo did not purposefully avail itself of the forum of Illinois or create a foreseeable injury in Illinois by targeting Illinois consumers through its website. This Court will not exercise personal jurisdiction over Primo based on its website.

Because this Court lacks personal jurisdiction over Primo, it need not address whether venue is proper in this district or whether Sage has stated a claim for trade dress infringement. Primo's Motion to Dismiss [13] is granted.

IT IS SO ORDERED.

Date: March 5, 2013.

Entered: /s/ Sharon Johnson Coleman

Sharon Johnson Coleman